IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TODD MATTHEW SCHOENFELD | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-271 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on June 9, 2011, claiming entitlement to disability benefits due to impairments in his back, chest, and depression. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on July 26, 2012. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and a vocational expert, Michael F. Gartman, testified.

On October 25, 2012, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on December 18, 2013. Therefore, the October 25, 2012 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981

1

(2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2014.

2. The claimant has not engaged in substantial gainful activity December 14, 2009, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: fibromyalgia, degenerative disc disease of the spine, costochondritis, diabetes mellitus, hypertension and migraine headaches.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform a full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that he can lift and/or carry 10 pounds occasionally, lift and/or carry less than 10 pounds frequently, stand/walk for at least 2 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. However, he is limited to occasionally climbing ramps and stairs, stooping, kneeling and crouching. He should avoid climbing ladders, ropes, and scaffolds.

6. The claimant is capable of performing past relevant work as an Information Manager (DOT#709.067-010/SVP 7/sedentary). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 14, 2009, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 30-36).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520© (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the **fourth** step.

## ANALYSIS

Plaintiff's first point of error requests a remand because the Appeals Council failed to consider the opinions of Plaintiff's Treating Chiropractor and Spinal Specialist, Dr. Bivens. Plaintiff states that he suffers from a number of cervical, thoracic and lumbar issues.

The ALJ's decision lists with meticulous detail the treatments and procedures Plaintiff has undergone. Contrary to Plaintiff's position, the Appeals Council specifically considered the opinion of Dr. Bivens in arriving at its decision to deny the appeal.

Plaintiff has also submitted a number of records in an "Addendum" which he claims were omitted from the record and not before the Appeals Council. The Court agrees that documents (12-22) were submitted after the date the ALJ rendered his decision and do not relate back to Plaintiff's claim. Evidence submitted to the Appeals Council was thus not material and does not provide a basis for reversal. *See Beck v. Barnhart*, 205 Fed. Appx. 207, 214 (5th Cir. 2006).

A request for Appeals Council review of an ALJ's decision is the fourth and final stage in the administrative process of adjudicating claims for benefits under the Social Security Act. Social Security Regulations expressly authorize a claimant to submit "new and material" evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the submission of new and material evidence does not require the Appeals Council to grant review of the decision. *See Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir.2001). "On the contrary, the regulations provide that the Appeals Council will grant review only if it finds that the ALJ's decision 'is contrary to the weight of the evidence currently of record.'" *Id.* (quoting 20 C.F.R. 404.970(b)). If the new evidence relates to a period before the ALJ's decision, the Appeals Council "shall evaluate the entire record including the new and material evidence submitted ... [and] then review the case if it finds that the administrative law judge's action, findings,

or conclusion is contrary to the weight of the evidence currently of record." *See* 20 C.F.R. § 404.970(b) (emphasis added); *see also id.* § 416.1470(b).

When the Appeals Council grants review, the decision of the Appeals Council is the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. However, if the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. The final decision of the Commissioner is subject to judicial review. *See* 42 U.S.C. § 405(g). *See Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 331 32 (N.D. Tex. 2003). The evidence submitted does not support a finding of materiality. Nothing in the records submitted warrant reversal of the ALJ's decision.

Plaintiff also argues that the 89-page addendum was somehow left out of the appeals record. The Court has no way to determine if this was the case or not. The Court's review is limited to the record before it. *See Carrier v. Sullivan*, 944 F2d 243,247 (5th Cir. 1991). Most of the documents relate to the time period after the ALJ's decision and would not be relevant in any event.

In fact, the last four pages of radiological studies submitted only bolster the ALJ's extensive findings in his analysis. Those findings note mild lumbar bulging, no significant spinal canal stenosis, mild cervical spondyloysis, small degenerative disc protrusions at T8-9 and T9-10 without significant spinal canal stenosis or neural l foraminal narrowing - otherwise unremarkable appearance of the thoracic spine.

In any event, the Court finds that the new evidence submitted by Plaintiff in his addendum is not material and that no good cause has been shown for incorporating it into the prior record. As noted, the evidence only supports the ALJ's position.

Plaintiff also argues that the ALJ's credibility assessment is flawed. The ALJ reviewed Plaintiff's treatment history and identified medical examinations showing intact strength, normal

reflexes, and normal gait (Tr. 33-35, 600-601, 611, 754). *See Hollis v. Bowen*, 837 F.2d 1378, 1384-85 (5th Cir. 1988) (lack of objective factors supporting complaints may be properly considered). As the ALJ noted, "no treating physician has recommended any specific work-related restrictions as warranted by the claimant's back condition" or described Plaintiff as disabled (Tr. 34, 36). *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (ALJ's determination of non-disability is supported when no physician of record states that the claimant is disabled). These findings contradict Plaintiff's claim that he is "unable to ambulate without assistance from others, cane, a wheelchair, or scooter." *See* Plaintiff's Brief at 14. The ALJ further found that Plaintiff's allegations of disabling pain were inconsistent with his daily activities, noting that Plaintiff reported that he was able to care for his personal needs, prepared his own meals, and drove himself to go shopping (Tr. 35, 177-180). *See Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995) (activities may be properly considered in evaluating credibility).

"It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). The ALJ properly identified the evidence of record that supported his findings, which is properly within his discretion as the finder of fact. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991) (judgment as to the credibility of subjective complaints is the province of the ALJ). Plaintiff has shown no error.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 29th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE